IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL CONNOLLY,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-07-1681** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **Warden FRANKLIN TENNIS,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

I.     **Background**

Plaintiff Michael Connolly, an inmate at the Rockview State Correctional Institution in Bellefonte, Pennsylvania, initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) By order dated September 19, 2007, his motion for leave to proceed *in forma pauperis* was granted, and his complaint was served on the Defendants named therein. (Doc. 7.)

Subsequently, Plaintiff filed two motions for leave to file an amended complaint. (Docs. 8, 9.) Because his complaint had not yet been served, and thus no answer had been filed, the court denied Plaintiff's motions to amend as moot and noted that Plaintiff could file an amended complaint without leave of court. (Doc. 11.)

Plaintiff has filed an amended complaint. (Doc. 12.) Because Plaintiff's complaint does not comply with Federal Rules of Civil Procedure 10(a) and 11(a), it will be dismissed without prejudice, and he will be given an opportunity to file an amended complaint that must comply with the Federal Rules.

## II.     **Discussion**

*Pro se* parties are accorded substantial deference in federal court, and their pleadings are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Although there is no heightened pleading standard in § 1983 cases,[1] a § 1983 complaint must bear some relation to the rules.

Rule 10(a) requires that the title in a complaint shall contain the names of all of the parties. In other, later pleadings, "it is sufficient to state the name of the first party on each side with an appropriate indication of other parties." Fed. R. Civ. P. 10(a). Here, Plaintiff filed an amended complaint naming "Franklin Tennis, *et al*" as Defendants, but does not list the other Defendants by name. While it is true that Plaintiff named the Defendants in his original complaint, an amended complaint must

---

[1]*See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993). The United States Supreme Court rejected a heightened pleading standard, noting that a §1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id.* at 167. *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions . . . .").

be a new pleading which stands by itself without reference to the complaint already

filed. *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M. D. Pa. 1992).   Therefore,

Plaintiff must file an amended complaint with the names of each individual

Defendant listed in the title in accordance with Rule 10(a).

Rule 11(a) requires every pleading shall be signed by at least one attorney

of record, or, if a party is not represented by counsel, by the party.   "An unsigned

paper shall be stricken unless omission of the signature is corrected promptly after

being called to the attention of the attorney or party."   Fed. R. Civ. P. 10(a).   Plaintiff

did not sign his amended complaint.   Therefore, Plaintiff must sign the amended

complaint that he will be given the opportunity to file.

Plaintiff is also reminded that his amended complaint should set forth his

claims in short, concise and plain statements, and in numbered paragraphs.   Further, it

should specify which actions are alleged as to which Defendants, with specificity as

to time, and it should set forth a specification of the relief sought.   If Plaintiff fails to

file an amended complaint adhering to the standards set forth above, this case will

proceed with the original complaint as filed on September 14, 2007 (Doc. 1).


                                                    S/Sylvia H. Rambo
                                                    United States District Judge
Dated:  October 29, 2007.


                                                    3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL CONNOLLY,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-07-1681** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **Warden FRANKLIN TENNIS,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## O R D E R

**AND NOW**, this 29th day of October, 2007, for the reasons set forth in the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1.    Plaintiff's amended complaint (Doc. 12) is stricken from the record.

2.    Within twenty (20) days of the date of this order, Plaintiff may file an amended complaint in accordance with the Federal Rules of Civil Procedure.

3.    Failure to submit an amended complaint in accordance with the attached memorandum will result in this case proceeding on the original complaint as filed on September 14, 2007 (Doc. 1).

4.    The Clerk of Court shall provide Plaintiff with two (2) blank § 1983 complaint forms.

S/Sylvia H. Rambo
United States District Judge

Dated:  October 29, 2007.